# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.:  3-14-cv-360-H<br>)<br>) |
| v. | )<br>) |
| | ) COMPLAINT |
| JEWISH HOSPITAL & ST. MARY'S HEALTHCARE, INC. | )<br>)<br>) |
| Defendant. | )<br>) |
| | ) **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the Commission") brings this action against Jewish Hospital & St. Mary's Healthcare ("Jewish Hospital"), pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct Jewish Hospital's unlawful employment practices on the basis of race, and to provide appropriate relief to Phillip A. Pearson ("Pearson") who was adversely affected by such practices.  As alleged in paragraph seven below, the Commission alleges that Jewish Hospital subjected Pearson, an African American, to disparate discipline and terminated his employment due to his race.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant, Jewish Hospital, at all relevant times has been a company doing business in the State of Kentucky and the City of Louisville, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Jewish Hospital has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6.     More than thirty days prior to the institution of this lawsuit, Pearson filed a charge with the Commission alleging violations of Title VII by Jewish Hospital. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least April 2012, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) (1). Jewish Hospital subjected Pearson, who is African American, to disparate discipline and terminated his employment because of his race.

       a.     Beginning in April 2012, Defendant issued disciplinary "write-ups" to Pearson for alleged infractions similar to infractions committed by non-African American employees, who received either no discipline or lesser punishment.

       b.     On or around August 27, 2012, Jewish Hospital terminated Pearson for alleged infractions similar to infractions committed by non-African American employees who not terminated.

8.     The effect of the practice complained of in paragraph seven above has been to deprive Pearson of equal employment opportunities and to otherwise adversely affect his employment status because of his race.

9.     The unlawful employment practices complained of in paragraph seven above were intentional.

10.    The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to Pearson's federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Jewish Hospital, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race.

B.    Order Jewish Hospital to institute and carry out policies, practices, and programs which effectuate the equal treatment of its employees in the terms and conditions of their employment and which eradicate the effects of its past and present unlawful employment practices based on race.

C.    Order Jewish Hospital to make Pearson whole by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.     Order Jewish Hospital to make whole Pearson by providing him compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

D.    Order Jewish Hospital to make Pearson whole by providing him compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

E.    Order Jewish Hospital to make whole Pearson by providing him compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F.   Order Jewish Hospital to pay Pearson punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

  s/ Laurie A. Young   
LAURIE A. YOUNG  
Regional Attorney

s/ Michelle Eisele   
MICHELLE EISELE  
Supervisory Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Indianapolis District Office  
101 W. Ohio St., Suite 1900  
Indianapolis, IN 46204-4203

s/ Kenneth W. Brown   
KENNETH W. BROWN  
Senior Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Louisville Area Office 600 Martin Luther King, Jr. Place Suite 268  
Louisville, Kentucky 40202-2285  
(502) 582.5440 (Direct Dial)  
(502) 582.5435 (Facsimile)  
E-mail: Kenneth.Brown@eeoc.gov

And

5

        s/ Aimee L. McFerren  
        AIMEE L. MCFERREN  
        Senior Trial Attorney  
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
        Louisville Area Office 600 Martin Luther King, Jr. Place Suite 268  
        Louisville, Kentucky 40202-2285  
        (502) 582.6308 (Direct Dial)  
        (502) 582.5435 (Facsimile)  
        E-mail: Aimee.Mcferren@eeoc.gov